UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS, WESTERN DIVISION

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **6/30/10** | Docket #: | **10-31324** |
| Debtor: | **Jose Luis Claudio, Sr.** | Co-Debtor: | |
| SS#: | **xxx-xx-2819** | SS#: | |
| Address: | **100 Clayton Street<br>Springfield, MA 01107** | Address: | |

| | |
|---|---|
| Debtor's Counsel: | **L. Jed Berliner, Esquire 039950** |
| Address: | **95 State Street, Suite 1010<br>Springfield, MA 01103-2081** |
| Telephone #: | **(413) 788-9877** |
| Facsimile #: | **(413) 746-9877** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN

## CHAPTER 13 PLAN

Docket No.: **10-31324**

DEBTORS: (H) **Jose Luis Claudio, Sr.** SS# **xxx-xx-2819**

(W) SS#

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **550.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

■ **55** Months. The Debtor states as reasons therefore:

**Debtor has limited income requiring the plan's stated duration to cure the mortgage arrears.**

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Us Bank Home Mortgage** | **Pre-petition arrears** | $ **20,000.00** |
| **Citi Auto** | **Security Interest** | $ **7,011.95** |

Total of secured claims to be paid through the Plan $ **27,011.95**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Us Bank Home Mortgage** | **First Mortgage** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Citi Auto** | **$6,255 repl value @ 5% less six mos adeq pro @ $100/mo est'd until conf.** | **7,011.95** |

D. Leases:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-**

    ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

  iii. The arrears under the lease to be paid under the plan are __0.00__ .

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

B. Other:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total of Priority Claims to Be Paid Through the Plan $ __0.00__

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ __0.00__

B. Miscellaneous fees:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __1.8029__ % of their claims.

A. General unsecured claims: $ __1,380.00__

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | | Amount of Claim |
|---|---|---|---|
| **Citi Auto** | **Security Interest** | $ | **10,315.00** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | | Amount of Claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total of Unsecured Claims (A + B + C): $ __11,695.00__

D. Multiply total by percentage: $ __210.85__
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total amount of separately classified claims payable at ____% $ __0.00__

VI. OTHER PROVISIONS

    A. Liquidation of assets to be used to fund plan:

    B. Miscellaneous provisions:

        **1. This is a "pot" plan. Total payment for all unsecured creditors is constant. The stated dividend is only an estimate.**
        **(A) If the amount of allowed unsecured claims differs from the amount in Part V, the percentage dividend shall be automatically adjusted to accommodate the difference.**

        **2. Exempt property vests to debtor at confirmation. Owen v Owen, 500 US 305 (1991); In re Catalano, (Bankr D Mass, 05-11491-JNF (08/11/05 Order), In re McCabe, 356 BR 314 (Bankr D Mass. 2006) (Hillman, J.).**

        **3. Debtor auth'd to employ a tax prep professional & pay up to $500 per tax year.**

        **4. Debtor has standing to object to claims & pursue all Title 11 rights and causes, inc'g w/out limitation recovery of estate property, preferences, transfer avoidances or §544 actions, and automatic stay and discharge injunction violations.**

        **5. Arbitration provisions of executory contracts are rejected whether scheduled or not.**

        **6. Creditors holding secured claims being paid outside the plan in whole or in part must submit monthly statements or regular payment coupon books to debtor.**

        **7. Postpetition mortgage pyts will be paid directly by the debtor to the mortgagee or servicer, & shall be applied & credited to debtor's mortgage account w/o penalty as if account were current on petition date w/o any prepetition default, and in the order of priority specified in the note, security agreement, and applicable nonbankruptcy law.**

        **8. Amts pd to secured creditors for bifurcation or on prepet arrears are maximum in absence of objection to confirmation. In re Greene-Jackson, Bankr D Mass, 00-14423-JNF (03/30/01 Memorandum); cf United Student Aid Funds v Espinosa, 130 S. Ct. 1367 (2010) (conf'd plan w/inappr provision enforced). Filing of an unsecured claim waives secured status.**

        **9. Post-confirmation surrender, repossession or foreclosure is cause for 11 USC 502(j) reconsideration of a claim's secured status: Deficiency will be an unsecured claim, or no claim if a 910 day vehicle.**

        **10. Secured claims w/arrears being paid through the Plan & not being bifurcated shall be deemed current as of Ch 13 non-hardship discharge. Bifurcated secured claims shall be deemed paid in full as of discharge. Prepetition arrears are deemed contractually cured by plan confirmation.**

        **11. Secured creditors being paid in full through this Plan must release or discharge their lien and mail any certificate of title to debtor within thirty (30) days of Ch 13 non-hardship discharge.**

        **12. Pyts received from the trustee for any prepetition arrears shall be applied only to such arrears.**

        **13. Mortgagees & servicers must comply w/RESPA & TILA, & must state details of pyt adjustments & escrow shortages/surpluses to debtor, counsel, & trustee.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a) | Secured claims (Section II-A&D Total): | $ 27,011.95 |
| b) | Priority claims (Section III-A&B Total): | $ 0.00 |
| c) | Administrative claims (Section IV-A&B Total): | $ 0.00 |
| d) | Regular unsecured claims (Section V-D Total): | $ 210.85 |
| e) | Separately classified unsecured claims: | $ 0.00 |
| f) | Total of a + b + c + d + e above: | =$ 27,222.80 |
| g) | Divide (f) by .90 for total including Trustee's fee: **$3,027.20** | |
| | Cost of Plan= | $ 30,250.00 |
| | (This represents the total amount to be paid into the chapter 13 plan) | |
| h. | Divide (g), Cost of Plan, by Term of plan, | 55 months |
| i. | Round up to nearest dollar for Monthly Plan Payment: | $ 550.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **100 Clayton Street, Springfield purchased 06/14/2007 for $194,900; 06/14/2007 homestead attached; City of Springfield FY 2010 real estate property assessment at $157,800; debtor's opinion of value stated.** | $ 164,500.00 | $ 196,608.00 |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 0.00 |
| Less Exemptions (Schedule C): | $ | 0.00 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

| | | | | | |
|---|---|---|---|---|---|
| **2006 Mitsubishi Galant purchased 07/11/2007 for $19,950; 76,031 miles/good condition/kbb value stated as of 06/28/10.** | Value $ 4,050.00 | Lien $ 16,570.00 | Exemption $ 3,450.00 |

| | |
|---|---|
| Total Net Equity: | $ 0.00 |
| Less Total Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

           Document         Page 6 of 6

7/13/10 2:38PM

C. All other Assets (All remaining items on Schedule B): (Itemize as necessary)

| |
|---|
| **Cash on hand as of 06/28/10.** |
| **Bank of America checking as of 06/28/10.** |
| **Bank of America savings as of 06/28/10.** |
| **New North Citizens' Council flexible spending account balance as of 06/02/10.** |
| **Miscellaneous items under $525 each.** |
| **Miscellaneous items under $525 each.** |
| **Miscellaneous items under $525 each.** |
| **Miscellaneous items under $525 each (zero).** |
| **Possible 2010 tax refs/ EIC's ($8,057 total refund received for 2009).** |
| **Health New England reimbursement of $1,500 due debtor for medical services provided by Aspen Dental. Debtor maintains Health New England was obligated to pay for these services.** |
| **Possible consumer protection causes of action against pending or past mortgagees and/or mortgage brokers for statutory, actual, and punitive damages and attorney fees, and/or a continued right of rescission; not investigated.** |
| **Watches.** |

Total Net Value:                        $ **6,935.88**
Less Total Exemptions (Schedule C):     $ **6,935.88**
Available Chapter 7:                    $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $                **0.00**

E. Additional Comments regarding Liquidation Analysis:
  If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0** %.


IX.  SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ L. Jed Berliner, Esquire**                                              **July  9, 2010**
**L. Jed Berliner, Esquire 039950**                                              Date
Debtor's Attorney
Attorney's Address:  **95 State Street, Suite 1010**
                    **Springfield, MA 01103-2081**
        Tel. #:    **(413) 788-9877 Fax:(413) 746-9877**
        Email Address:  **jed@berlinerlaw.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


Date  **July  9, 2010**                              Signature  **/s/ Jose Luis Claudio, Sr.**
                                                                **Jose Luis Claudio, Sr.**
                                                                Debtor

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                Best Case Bankruptcy