## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) ) ) | Chapter 13<br>Case No. 10-31324 |
| JOSE LUIS CLAUDIO, SR., | ) ) ) | |
| Debtor. | ) ) | |
| JOSE LUIS CLAUDIO, SR., | ) ) ) | Adversary Proceeding<br>No. 11-03022 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| LVNV FUNDING, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### **MEMORANDUM OF DECISION**

Before the Court is a "Defendant's Motion to Dismiss Plaintiff's Complaint" (the "Motion to Dismiss") filed by defendant LVNV Funding, LLC ("LVNV") in this adversary proceeding and a "Debtor's Motion for Sanctions: LVNV Funding, LLC" (the "Sanctions Motion") filed by Jose Luis Claudio, Sr. (the "Debtor") in the main case.  The underlying issue is the same: is it improper as a matter of law for a creditor to file a proof of claim for a debt which is unenforceable under state law on account of the passage of the applicable statute of limitations?  By the adversary proceeding, the Debtor maintains that such a filing offends the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA") and

1

Federal Rule of Bankruptcy Procedure 9011;[1] and, by the Sanctions Motion, the Debtor repeats the Rule 9011 allegations.

I.  FACTS AND TRAVEL OF THE CASE

The Debtor filed this Chapter 13 case on June 30, 2010.  LVNV timely filed two proofs of claim—docketed respectively as Claims Nos. 6 and 7.  Claim No. 6, in the amount of $1,733.47, discloses that LVNV purchased the claim from Tri-Cap Investment Partners, LLC and that the debt was charged off by the "original creditor" on March 26, 1993.[2]  Claim No. 7, in the amount of $1,224.30, discloses that LVNV purchased the claim from GE Capital and that the debt was charged off by the original creditor on January 7, 1997.[3]

On December 7, 2010, the Debtor filed Objections to three claims—but to none held by LVNV.  Instead, on May 7, 2011, the Debtor filed the instant adversary proceeding against LVNV.  The original Complaint alleged that LVNV had violated the FDCPA by filing two proofs of claims based upon unenforceable, stale debts.  Approximately one month later, and before LVNV filed its answer to

---

[1] All references to the "Bankruptcy Code" or to Code sections are to the Bankruptcy Code unless otherwise specified, 11 U.S.C. §§ 101 et seq.; all references hereafter to "Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] Neither Claim No. 6 nor the Debtor's Schedule F provide sufficient information from which any inference can be drawn as to whether Tri-Cap Investment Partners, LLC was the original creditor.

[3] Neither Claim No. 7 nor the Debtor's Schedule F provide sufficient information from which a fair inference can be drawn as to whether GE Capital was the original creditor— except that LVNV further disclosed on Claim No. 7 that an alternate name for its predecessor in interest was "GE Capital/JCPenny conversion" and the Debtor listed in his Schedule F a claim held by "Gemb/Jcp."  But the Debtor listed that claim in an "undetermined" amount and described it as follows:  "Account No. xxxx-x841-4; Opened 9/16/88; Charge Account; listed for info only; appears on cr report without balance."

the Complaint, the Debtor filed the Sanctions Motion against LVNV in the main bankruptcy case and simultaneously amended his Complaint in the adversary proceeding by adding a second count seeking sanctions under Rule 9011 (the "Amended Complaint"). LVNV responded with the Motion to Dismiss and an opposition to the Sanctions Motion. After a hearing on the Motion to Dismiss and the Sanctions Motion, the Court took both matters under advisement.

II. POSITIONS OF THE PARTIES

The Debtor contends that LVNV violated the FDCPA and Rule 9011 by filing Claim Nos. 6 and 7 because those claims were undeniably stale and unenforceable. As to the FDCPA, the Debtor relies on <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726 (7th Cir. 2004) to support his contention that the provisions of the FDCPA are applicable in bankruptcy cases. And as to Rule 9011, the Debtor dismisses his noncompliance with the Rule's "safe harbor" provision in the name of "procedural uncertainty" and "an expedient procedural shortcut." As justification for this timesaver and in an effort to illustrate LVNV's perceived arrogance, the Debtor cites to an Order for Sanctions issued by Bankruptcy Judge Dodd for the Middle District of Louisiana against LVNV for having filed, and then having failed to withdraw after "amicable demand," a time barred claim in that case. <u>See</u> <u>In re Jones</u>, Case No. 08-10120, Docket Entry No. 36.

Citing to a long list of court decisions, LVNV contends both that the FDCPA is inapplicable to proofs of claim in bankruptcy cases, and that the filing of a proof of claim does not constitute an act to collect a debt under the FDCPA,

but instead is simply a request for leave to participate in the distribution of the bankruptcy estate. And LVNV counters the Debtor's request for Rule 9011 sanctions on the merits and as procedurally defective.

III. DISCUSSION

    **A. Motions to Dismiss Under Rule 7012(b)(6)**

In order to survive a motion to dismiss under Rule 7012(b)(6), a complaint must state a claim upon which relief can be granted. The Supreme Court has explained that the allegations "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, at 556). See also Bailey v. Wells Fargo Bank (In re Bailey), 437 B.R. 721, 727 (Bankr. D. Mass. 2010) ("In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, 'a court must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiffs,' Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993) to determine whether the plaintiff has alleged 'sufficient facts to show that he has a plausible entitlement to relief.'" Sanchez v. Pereira–Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (citing Ashcroft v. Iqbal, ––– U.S. –––, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

**B. The FDCPA Claim**

Congress enacted the FDCPA

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e). In Som v. Daniels Law Offices, District Judge Saylor explained that,

> [i]n order to prevail on an FDCPA claim, plaintiff must prove that (1) she was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA, and (3) defendants have engaged in an act or omission prohibited by the FDCPA.

573 F. Supp.2d 349, 356 (D. Mass. 2008). The FDCPA defines "debt collector" to mean,

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another . . .

15. U.S.C. § 1692a(6). Violations of the FDCPA include, but are not limited to, "[t]he false representation of … the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). However, "whether the debt at issue is legitimately owed has no bearing of the validity of a FDCPA action." Som, 573 F.Supp.2d at 356.

Here, although LVNV is arguably a "debt collector" under the FDCPA, a long line of cases have held the statute is inapplicable to the filing of proofs of

claim in bankruptcy cases, regardless of whether the underlying claim is stale or invalid for any other reason.

> Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action.

Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95-96 (2nd Cir. 2010) (citing B-Real, LLC v. Rogers, 405 B.R. 428, 431-31 (M.D. La. 2009) ("[T]he Bankruptcy Code itself contemplates a creditor filing a proof of claim on a time-barred debt and the Bankruptcy Court disallowing such claim after objection from the debtor. It is difficult for this Court to understand how a procedure outlined by the Bankruptcy Code could possibly form the basis of a violation under the FDCPA"); Middlebrooks v. Interstate Credit Control, Inc., 391 B.R. 434, 437 (D. Min. 2008) (holding that an FDCPA action cannot be premised on the filing of a proof of claim in bankruptcy court); Gray-Mapp v. Sherman, 100 F.Supp.2d 810, 813-14 (N.D. Ill. 1999) (same); Baldwin v. McCalla, No. 98—C—4280, 1999 WL 284788 at *3-4 (N.D.Ill. Apr. 19, 1999) (same)). See also Jenkins v. Genesis Financial Solutions and Vitav Recovery Solutions, LLC, 456 B.R. 236, 240 (Bankr. E.D. N.C. 2011) ("The Court is not persuaded that the filing of a proof of claim can constitute regulated 'collection' activity within the meaning of [the FDCPA]"; Jude Jacques v. U.S. Bank (In re Jacques), 416 B.R. 63, 79 (Bankr. E.D. N.Y. 2009) (holding that "the Bankruptcy Code precludes assertion of a claim under the FDCPA"); In re Varona, 388 B.R. 705, 723 (holding that proofs of claim are not false or fraudulent merely because statute of limitations may have run on any

6

cause of action to collect on the debts in question); and B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 235-36 (9th Cir. BAP 2008) (holding that Congress did not intend for the FDCPA to apply in the context of proofs of claim filed in bankruptcy).

The Debtor ostensibly ignores this consensus and instead bases his FDCPA claim on a brief citation to the Seventh Circuit's decision in Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004) in which a FDCPA claim was permitted to proceed. But Randolph was not a case about the filing of invalid or stale proofs of claim. Randolph concerned the consolidation of separate actions brought by three Chapter 13 debtors who alleged violations of the FDCPA by debt collection agencies that had commenced collection efforts on discharged debts using unfair practices—including by contacting the debtors directly even though they were each represented by counsel. Id. at 728-29. While the Seventh Circuit held the Bankruptcy Code does not "preempt" the FDCPA and that FDCPA claims may be brought in bankruptcy cases, it also held that, "[a] distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all." Id. at 729. Accordingly, the Randolph case is inapposite and the FDCPA is inapplicable. No reported decision has held otherwise.

Finally, even if the FDCPA did apply, it is far from clear that the filing of a claim whose enforcement is barred under state law would violate its provisions. Under the Bankruptcy Code,

> the term 'claim' means— (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed,

7

> contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(5). In <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 83 (1991) the Supreme Court explained that, "Congress intended by this language to adopt the broadest available definition of 'claim.'"

A claim in bankruptcy is deemed valid simply by virtue of a proof of claim filed in accordance with 11 U.S.C. § 501 unless— a "party in interest" objects to the claim. 11 U.S.C. § 502. The "evidentiary effect" of filing a proof of claim "constitute[s] prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Accordingly, absent a timely objection, the claim will be allowed. Rule 3007 provides the procedure for objecting to a claim:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007. And § 502(b)(2) provides, *inter alia*, that a claim will not be allowed if it is "unenforceable against the debtor."[4] However, the Debtor never filed such an objection to either of LVNV's proofs of claim.

The Debtor nevertheless contends LVNV's claims are invalid and unenforceable because the debts upon which they are based are stale. They

---

[4] 11 U.S.C. § 502(b) provides in relevant part:

> (b) . . . if [an] objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
> > (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

8

may be unenforceable, but they are not invalid. In <u>Butner v. United States</u>, 440 U.S. 48, 55 (1979), the Supreme Court explained that state law defines property interests including the validity of claims under § 502. In Massachusetts,

> [a]ctions of contract, other than those to recover for personal injuries, founded upon contracts or liabilities, express or implied, except actions limited by section one or actions upon judgments or decrees of courts of record of the United States or of this or of any other state of the United States, shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues.

M.G.L.A. 260 § 2. This 6-year statute of limitation operates to bar *enforcement* of a debt (in state court), not to *extinguish* the debt. See <u>Don v. Soo Hoo</u>, 75 Mass. 80, 87 n. 9 (2009) ("[I]t is important to remember that the statute does not extinguish the underlying obligation. Instead, if properly asserted, the statute makes the obligation unenforceable in a court. Nevertheless, the debts may be collected in other ways"). Statutes of limitation are affirmative defenses and, in bankruptcy, would be appropriately raised in an objection to a claim. The Supreme Judicial Court of Massachusetts has "repeatedly referred to the statute of limitations defense as an affirmative defense." <u>Com v. Shanley</u>, 455 Mass. 752, 780 (2010). "Consequently, a proof of claim based on a stale claim will be deemed allowed under § 501(a) unless the affirmative defense is raised in a filed objection." <u>In re Andrews</u>, 394 B.R. 384, 388 (Bankr. E.D. N.C. 2008) (citations omitted).

Here, the Debtor has not chosen to file an objection to the instant claims, the procedure provided in § 502; rather, he has sought to remediate the perceived harm by attempting to punish the claimant. But regardless of the

intentions of the Debtor or his counsel, noble or not, the remedy adopted has been rejected by every court which has considered the matter.

### C. Rule 9011 Sanctions

Finally, the Debtor would have the Court hold that the filing of LVNV's proofs of claim based upon allegedly stale debts is grounds for sanctions under Bankruptcy Rule 9011.[5] The Court declines to do so. Even if the Court were to hold that it is wrongful to file claims, which, albeit valid, are stale, it has been <u>repeatedly</u> held in this District that, absent a court initiated inquiry pursuant to Rule 9011(c)(2),[6] Rule 9011 sanctions can be sought by a party *only* after the opponent has been afforded 21 days advance notice and an opportunity to withdraw or correct the allegedly offending allegation. See Rule 9011(c)(1)(A).[7]

---

[5] By way of support, the Debtor cites to an "Order for Sanctions" issued by Judge Dodd in the United States Bankruptcy Court for the Middle District of Louisiana, where the court "for reasons orally assigned at the [ . . .] hearing," sanctioned LVNV in the sum of $250 "for knowingly filing a time barred claim and for failing to withdraw said claim upon amicable demand." In re Jones, Case No. 08-10120, Docket Entry No. 36. Judge Dodd's Order was not submitted for publication and the Debtor failed to provide a transcript of those "reasons" recited by Judge Dodd at the hearing (which might have been interesting indeed in order to discover what would constitute an "amicable demand"). But there is no evidence that Judge Dodd was relying on Rule 9011, and it strikes this Court that the decision made by Judge Dodd had much to do with LVNV perceived obstinance in neglecting or refusing to withdraw what Judge Dodd viewed as an unenforceable claim. Said otherwise, Judge Dodd's Order appears to be a lesson in civility, rather than under Rule 9011. Here, there is no evidence that the Debtor made an "amicable demand" for withdrawal of Claim Nos. 6 or 7.

[6] "The text of the Rule and the authorities interpreting it make clear that the 21-day safe-harbor provision does not apply to court initiated orders." In re M.A.S. Realty Corporation, at 40 n. 12 (citing Fed. R. Bankr. P. 9011(c)(1)(B); and In re Melendez, 235 B.R. 173, 201 (Bankr. D. Mass. 1999)).

[7] Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) provides:

10

Failure to comply with this safe harbor provision is fatal to the sanctions request.[8] See, e.g., In re Rowlands, No. 03-10933-WCH 2009 WL 2971095 *2 (Bankr. D. Mass. Sept. 16, 2009) (quoting In re M.A.S. Realty Corporation, 326 B.R. 31, 38 (Bankr. D. Mass. 2005) ("'The safe harbor provision must be strictly complied with in order for sanctions to be imposed under the amended Rule.' There is no exception in the Rule for particular types of activity.  This alone would require that the motion fail") (Bankruptcy Judge Hillman, quoting from a decision by Bankruptcy Judge Rosenthal); In re Rodrigues, 370 B.R. 467, 479 (Bankr. D. Mass. 2007) (same) (Bankruptcy Judge Feeney); In re Makein, 334 B.R. 527 (Bankr. D. Mass. 2005) (same) (Bankruptcy Judge Somma); McMahon v.

---

A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b). If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

[8]  The Debtor suggests that there is some uncertainty as to whether the safe harbor provision applies if Rule 9011 sanctions are presented in an adversary proceeding, instead of a motion.  This Court sees no uncertainty.  Rule 7011 lists those specific matters which must be presented by adversary proceeding.  Requests for Rule 9011 sanctions are not on the list.  Accordingly, Rule 9011 sanctions should ordinarily be sought in a contested matter by motion.  And even if, as a result of expediency, a party includes a request for such sanctions in an adversary proceeding seeking other relief, it would be counterproductive and counterintuitive if the Rule 9011 request were allowed to be incorporated without the safe harbor protection provided for in the Rule itself.

Christakis (In re Christakis), 291 B.R. 9 Bankr. D. Mass. 2003) (same) (Bankruptcy Judge Boroff).[9]

IV. CONCLUSION

Because the FDCPA is inapplicable to the filing of proofs of claims in bankruptcy cases and because the Debtor did not satisfy the requirements of Rule 9011's safe harbor provision, the Court will GRANT LVNV's Motion to Dismiss and DENY the Debtor's Sanctions Motion.

Orders consistent with this memorandum will issue accordingly.

DATED: January 12, 2012        By the Court,

        Henry J. Boroff
        United States Bankruptcy Judge

---

[9] Indeed, the safe harbor provision of Rule 9011 is so widely understood by the experienced bankruptcy law practitioner (See In Re Makein, at 529) that the failure to afford this opportunity to opposing counsel before requesting the imposition of sanctions may itself be a violation of Rule 9011. Here, the Court chooses not to initiate consideration of sanctions against the Debtor's counsel *sua sponte*, but may do so in future cases should the safe harbor provision of Rule 9011 be ignored.